# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIKKA LONG,

        Plaintiff,

v.                                                     CA NO. 1:22-cv-346

ABRAXAS I,

        Defendant,                               **JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW comes Plaintiff, Erikka Long ("Plaintiff"), by and through her attorneys, John Newborg, Esquire and Ryan Mick, Esquire, and files this Complaint against Abraxas I, a/k/a Abraxas Youth and Family Services ("Abraxas"), as follows:

## JURISDICTION AND VENUE

1. This action is brought, and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, as it appears in volume 42 United States Code, sec. 2000e.-5(f)(3).

2. Plaintiff, Erikka Long, has complied with all conditions precedent to jurisdiction by filing a Charge of Discrimination with the Equal Employment Opportunity Commission, dual filed with the Pennsylvania Human Relations Commission, and by obtaining a Right to Sue letter and filing suit within 90 days of receipt of the Right to Sue letter.

## PARTIES

3. Plaintiff, Erikka Long, is an adult individual residing at 2 Park Circle, Apartment 4, Marienville, PA 16239.

4. Defendant, Abraxas, is located at 165 Abraxas Rd., Marienville, PA 15239.

5. At all times material hereto, Abraxas, was acting by and through its authorized agents and/or employees acting within the course and scope of their employment.

## STATEMENT OF FACTS

6. Abraxas is an agency that provides housing, education, care and assistance to teenage children with substance abuse problems, family problems and other mental health problems.

7. On December 18, 2017, Plaintiff was hired by Abraxas as a Mental Health Worker.

8. While working at Abraxas, the Plaintiff worked with a coworker named Kyle Armagost (hereinafter "Armagost").

9. Plaintiff and Armagost became intimately involved in early 2020.

10. At the time Armogost made advances toward the Plaintiff, the Plaintiff had been in an ongoing relationship that involved domestic violence which left the Plaintiff vulnerable and with poor judgment regarding her personal life.

11. Armogost took advantage of the Plaintiff's vulnerable state by using grooming, manipulative and coercive tactics to influence Plaintiff's behavior.

12. Abraxas was aware that the Plaintiff's had experienced domestic violence.

13. In the Spring of 2020 Abraxas promoted Armagost to the position of Treatment Supervisor I and Armagost became the immediate supervisor of the Plaintiff.

14. At the time of Armagost's promotion, the supervisors of Mr. Armagost were aware of the fact that Armagost was intimately involved with the Plaintiff.

15. Abraxas has no policy that prohibits a supervisor from being romantically involved with a subordinate.

16. Insofar as Abraxas may claim to have a policy that prohibits a supervisor from being romantically involved with a subordinate, Abraxas does not enforce the policy.

17. When Armagost was the supervisor of the Plaintiff, he impregnated the Plaintiff.

18. When Plaintiff informed Armagost of the pregnancy, Mr. Armagost demanded that the Plaintiff abort the pregnancy.

19. On July 10, 2020 the Plaintiff underwent an abortion procedure upon the insistence of her job supervisor.

20. Plaintiff only agreed to undergo the procedure because her job supervisor insisted that she do so.

21. Fearing retaliation from her supervisor, the Plaintiff underwent the abortion procedure.

22. Plaintiff had sexual relations with Armagost fearing retaliation if she did not have sexual relations with him.

23. The sexual relations would occur at the Abraxas facility during a work shift.

24. What started out as a consensual relationship with a co-worker, became, for the Plaintiff, persistent sexual harassment by a supervisor.

25. Throughout the time Armagost worked for Abraxas, the supervisors of Armagost knew that Armagost was in a relationship with his subordinate, the Plaintiff.

26. When the Plaintiff sought to end the relationship, Armagost would not just let it go, but would continue to press the Plaintiff to have sexual relations with him.

27. In April of 2021 Plaintiff convinced Armagost to understand that she would no longer tolerate his bullying and pressure to have sex with him or have anything further to do with him and Plaintiff ceased communicating with Armagost.

28. In August of 2021 Armagost quit his job with Abraxas.

29. Armagost's sexual advances were persistent and had become unwelcome.

30. Rejection of the sextual advances caused Armagost to treat Plaintiff adversely in the workplace, and submission to the sexual advances made life at work easier on the Plaintiff.

31. Fearing retaliation, Plaintiff would relent and agree to having sexual relations with Armagost, after putting Armagost off for a period of time.

32. The effect of the sexual advances was to create an intimidating, hostile and offensive working environment.

33. Based upon comments made by Plaintiff's supervisors, who were fully aware of the relationship, Plaintiff knew that the supervisors of Armagost felt the relationship between Plaintiff and Armagost was not a matter for supervisory intervention.

34. Plaintiff knew Armagost was close personal friends with members of upper management.

35. Plaintiff knew that the supervisors of Armagost would not intervene on Plaintiff's behalf, so Plaintiff turned to her union representative to ask for help.

36. The union representative advised the Plaintiff that the Union would not help her, and would not get involved in personal relationships and that she could file something with the Equal Employment Opportunity Commission.

### COUNT I -VIOLATION OF TITLE VII – SEXUAL HARRASMENT

37. Paragraphs 1 through 36 above are hereby incorporated by reference.

38. The fact that the harasser was the Plaintiff's immediate supervisor, and that upper management had knowledge of the relationship between the Plaintiff and her supervisor and did not intervene and made no effort to investigate the nature of the relationship, and that upper management signaled that they would not intervene, and that the Plaintiff had to turn to her union for help, renders Abraxas liable for the harassment.

39. Abraxas is liable to the Plaintiff for violating Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII),

40. As a result of Defendant's violation of Title VII of the Civil Rights Act of 1964 Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Abraxas for the following damages:

(a) Compensatory damages for humiliation, embarrassment, emotional distress, and loss of reputation;

(b) Attorney fees and costs of litigation; and

(c) Such other relief as the Court deems appropriate.

### COUNT II - VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§ 951-963

41. Paragraphs 1 through 40 above are hereby incorporated by reference.

42. Plaintiff dual filed her Charge of Discrimination with both the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

43. Having dual filed, the Plaintiff has preserved her right to damages under the Pennsylvania Human Relations Act.

44. The actions of Abraxas as stated above constitute violations of the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff demands judgment against Abraxas for the following damages pursuant to the Pennsylvania Human Relations Act.

    (a) Compensatory damages for humiliation, embarrassment, emotional distress and loss of reputation;

    (b) Attorney fees and costs of litigation; and

    (c) Such other relief as the Court deems appropriate.

Respectfully submitted,

By:   s/ John Newborg                        By:   s/ Ryan Mick
        JOHN NEWBORG, Esquire                  RYAN MICK, Esquire
        Pa. I.D. No. 22276.                              Pa. I.D. 314595
        225 Ross Street, 4th Floor                    225 Ross Street, 4th Floor
        Pittsburgh, PA 15219                            Pittsburgh, PA 15219
        (412) 874-9442                                    (412) 471-3800
        newborglaw@gmail.com                      ryanandmike@mickwallisch.com